# RAAB, STURM & GANCHROW, LLP

COUNSELORS AT LAW
2125 CENTER AVENUE, SUITE 100
FORT LEE, NEW JERSEY 07024
Tel: (201)292-0150
FAX: (201)292-0152

RONALD RAAB*
IRA A. STURM****
ARI D. GANCHROW**

MAURA E. BREEN***
SAMUEL R. BLOOM*****

_____

\* ADMITTED IN NY
\*\*ADMITTED IN NY AND NJ
\*\*\*ADMITTED IN NY AND CT
\*\*\*\*ADMITTED IN NY AND FLA
\*\*\*\*\*ADMITTED IN NY, NJ AND MD

February 13, 2026

**VIA ECF ELECTRONIC FILING**
Hon. Valerie Figueredo, U.S.M.J.
Southern District of New York
United States Courthouse
500 Peart St., Courtroom 17A
New York, New York 10007

> Re: **Manny Pastreich, as Trustee, and the Trustees of the Building Service 32BJ Health Fund, et al. v. Red Coats, Inc.**
> <u>Civil Action No. 23-cv-2280</u>

Dear Judge Figueredo:

This firm represents the various Plaintiffs in this matter (collectively the "Funds"). The Funds write to the Court to address Defendant Red Coats, Inc.'s ("Defendant") request to extend its time to answer the Funds' Motion for Summary Judgment. Contrary to Defendant's assertion, it did not seek the Funds' consent before making this request.

Defendant seeks an extension to its deadline to file opposition papers to a Motion filed by the Funds on **January 14, 2026.** See ECF Documents 75-81. Defendant avers that "on **December 2, 2025**, Defendants sought an extension of time to oppose the Motion, from Plaintiffs' counsel. Counsel for Plaintiffs objected to Defendants' request but did not give a reason for doing so." ECF Document 81 (emphasis added). How Defendant was able to ask for an extension to oppose a not-yet-filed Motion is not explained.

Defendant's assertions are false. What Defendant is actually referring to, framed as a request for an extension, is the mutually agreed upon deadline represented to the Court whereby Defendant committed to provide **all** rebuttals to the 2017-2023 audit, which is the subject matter of the pending Funds' Motion, by November 4, 2025. See ECF Document No. 71 (dated August 6, 2025, and stating "Red Coats commits to, in the next ninety (90) days, provide all rebuttals it asserts refute the audit findings that have been previously issued"). Defendant sought, and the Funds agreed, to extend **that** deadline from November 4, 2025, to December 12, 2025. On December 2, 2025, Defendant sought yet another extension. That was rejected.

Defendant already blew past that deadline, providing rebuttal information, for the first time, after December 12th. Indeed, records were provided as late as this week.

This case has gone on long enough. Defendant and its counsel should not be permitted to delay it further, especially upon misstated facts.

For these reasons, Defendant's request should be denied.

Respectfully Submitted,

*/s/ Samuel R. Bloom*
Samuel R. Bloom

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: February 17, 2026**

Defendant's request for an extension is GRANTED. Defendant's opposition brief is due **February 26, 2026**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 81.